438 So.2d 1034 (1983)
Jonathan Michael BENNETT, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1076.
District Court of Appeal of Florida, Second District.
October 14, 1983.
Jerry Hill, Public Defender, and John T. Kilcrease, Jr., Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Judge.
Appellant, Jonathan Michael Bennett, broke into and entered a school in Lee County. While inside the school, he was apprehended and later arrested. After being given his Miranda[1] warnings, appellant admitted breaking into the school but maintained that he did so only so that he could use a telephone. The state later charged appellant with burglary, alleging in the charging document that he broke and entered with the intent to commit a theft. At trial, the jury found appellant guilty as charged.
On appeal, appellant challenges the denial of his motion for acquittal and the overruling of his objections to the introduction of evidence of prior break-ins. Because of our supreme court's recent decision in State v. Waters, 436 So.2d 66 (Fla. 1983), we need only address the first point raised.
*1035 In Waters, the defendant had been charged with attempted second degree burglary. The information alleged that the defendant, like appellant here, broke and entered with the intent to commit theft. The defendant in Waters was convicted, and the state argued on appeal that it did not need to plead intent to commit a specific offense and that whether it did or did not so plead, section 810.07, Florida Statutes (1981),[2] could be used to prove the requisite criminal intent. The fourth district framed these two state arguments into certified questions, and upon review of those questions, the supreme court held that "in a burglary charge it is not per se required that the particular offense which the accused allegedly intended to commit in the premises be specified." Waters, 436 So.2d at 69. The court also held that the statutory language of section 810.07 allows the state, during the course of a burglary trial, to prima facie establish the intent to commit an offense if the state has not charged the intent to commit a specific offense.
We read Waters to stand for three separate, though interrelated, propositions. First, when the state, either by indictment or by information, charges someone with burglary, the state need not allege that the accused intended to commit a specific offense after the breaking and entering occurs. For example, the state may or may not allege in the charging document that the accused broke and entered with the intent to commit an offense therein, to wit: sexual battery. Second, if the state does not allege that the accused intended to commit a specific offense, section 810.07 may be used as an alternative method to prima facie establish that a defendant has the intent to commit an unspecified offense after the breaking and entering occurs. Third, if the state charges that a defendant did intend to commit a specific offense after the breaking and entering occurs, then the state must prove that the defendant did in fact intend to commit this offense. Furthermore, when the state does so charge, the proof must be established without the benefit of section 810.07.
Our conclusion finds further support in the recent Florida Supreme Court decision in Justus v. State, 438 So.2d 358 (Fla. 1983). There, the court, in interpreting section 787.01(1)(a)2, Florida Statutes (1977),[3] stated that in making a charge of kidnapping, the state is not required to state the specific felony that is intended to be committed or facilitated by means of the kidnapping. The supreme court's twin interpretation of the kidnapping statute and of the burglary statute makes sense and does not prejudice the defendant because any potential vagueness that may initially appear in the charging document may be remedied by filing a bill of particulars or by engaging in other approved methods of criminal discovery.
Our interpretation of Waters requires us to reverse appellant's conviction. This is so because the state's information charges that appellant "did unlawfully enter or remain in a certain structure, to wit: Park Meadow School ... with the intent to commit an offense therein, to wit: theft." Thus, the state specifically alleged that appellant intended to commit a specific offense once the breaking and entering occurred. Having done so, the state was required to prove that appellant had the intent to commit the theft. In Waters, the defendant's burglary conviction was affirmed because the state demonstrated that the circumstances present in that case could only lead to the conclusion that the defendant did intend to commit a theft. Here, the circumstances are somewhat different. They do not isolate the intended crime of theft here as they did in Waters, for here the appellant could have intended to commit any number of offenses. For example, he could have as easily broken and entered the school to commit arson or otherwise *1036 destroy school property. In addition, he could have merely intended to use the telephone, as he stated at trial during the course of his unrebutted testimony. Since section 810.07 only applies when no specific offense is alleged in an information charging burglary, the state cannot rely on the presumption contained in that statute since here it has alleged a burglary with the intent to commit the specific offense of theft. Accordingly, appellant's conviction is reversed and his sentence is vacated. Appellant must be discharged and no retrial will be permitted.
HOBSON and GRIMES, JJ., concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[2] In a trial on the charge of burglary, proof of the entering of such structure or conveyance at any time stealthily and without consent of the owner or occupant thereof shall be prima facie evidence of entering with intent to commit an offense.
[3] Commit or facilitate commission of any felony.