PER CURIAM.
Appellant was adjudicated delinquent pursuant to a petition charging burglary with intent to commit theft. We reverse upon the authority of Bennett v. State, 438 So.2d 1034 (Fla. 2d DCA 1983), because there was insufficient evidence to prove that appellant intended to steal anything when he entered the house trailer. Since the state charged appellant with intending to commit a specific offense, it may not rely upon the presumption afforded by section 810.07, Florida Statutes (1981).
Our decision conflicts with L.S. v. State, 446 So.2d 1148 (Fla. 3d DCA 1984), in which the court said:
If the state were precluded from using the presumption by virtue of charging the intent to commit a specific offense, there would bé no incentive for the state to ever enumerate the particular offense. We hold, therefore, that when the state charges that the defendant did intend to commit a specific offense after the *1009 breaking and entering, it may avail itself of section 810.07.
We appreciate the concern expressed by our sister court. It further appears that by seeking a bill of particulars, a defendant may be able to circumvent section 810.07, Florida Statutes (1981), even when the state does not allege the intent to commit a specific offense. Nevertheless, our interpretation of State v. Waters, 436 So.2d 66 (Fla.1983), compels us to reaffirm the conclusion we reached in Bennett.
REVERSED.
GRIMES, A.C.J., and CAMPBELL and LEHAN, JJ., concur.