COBB, Judge.
The issue in this case is whether or not the state can rely on the burglary presump *1067 tive intent statute, section 810.07, Florida Statutes (1981),[1] when it has charged an intent to commit a specific offense. The Second District has held that the state, under such circumstances, may not rely on the presumption. T.L.J. v. State, 449 So.2d 1008 (Fla. 2d DCA 1984); Bennett v. State, 438 So.2d 1034 (Fla. 2d DCA 1983). The Third District takes the opposite position, based upon the following rationale:
If the state were precluded from using the presumption by virtue of charging the intent to commit a specific offense, there would be no incentive for the state to ever enumerate the particular offense. We hold, therefore, that when the state charges that the defendant did intend to commit a specific offense after the breaking and entering, it may avail itself of section 810.07.
L.S. v. State, 446 So.2d 1148, 1149-50 (Fla. 3d DCA 1984).
We agree with the Third District, and certify conflict with the Second District. See Fla.R.App.P. 9.030(a)(2)(A)(vi). Therefore, we affirm appellant’s revocation of probation because of his adjudication of guilt of the crime of burglary.
AFFIRMED.
FRANK D. UPCHURCH, Jr. and SHARP, JJ., concur.

. Section 810.07, Florida Statutes (1981), provides:
Prima facie evidence of intent. — In a trial on the charge of burglary, proof of the entering of such structure or conveyance at any time stealthily and without consent of the owner or occupant thereof shall be prima facie evidence of entering with intent to commit an offense.