SHARP, Judge.
This case presents the question of whether, when a defendant is charged with attempted burglary with the intent to commit theft, section 810.02(1), Florida Statutes (1983), and there is proof at trial of an unlawful entry into the residence, albeit *529 minimal,[1] it is proper for the trial court to give an instruction allowing the jury to find proof of intent to commit theft, based on the statutory presumption set forth in section 810.07, Florida Statutes (1983). That statute provides:
In a trial on the charge of burglary, proof of the entering of such structure or conveyance at any time stealthily and without consent of the owner or occupant thereof shall be prima facie evidence of entering with intent to commit an offense.
Over timely objection by defense counsel, the trial judge instructed the jury:
[Pjroof of entering a structure stealthily and without consent of the owner or occupant may justify a finding that entering was with the intent to commit a crime if from all of the surrounding circumstances you are convinced beyond a reasonable doubt that the intent existed.
In State v. Waters, 436 So.2d 66 (Fla. 1983), the supreme court answered a similar question certified to it by the Fourth District Court of Appeal in the negative, holding that it was improper to rely on the statutory presumption of section 810.07 where the charge is attempted burglary, because the statutory presumption on its face does not apply to attempts. However, the court indicated that the statutory presumption may be used where there is proof of an entry:
In this case, however, section 810.07 is inapplicable on its face because here the charge was attempted burglary rather than burglary, and because here there was no proof of entering, but only of an attempt to break and enter. (Emphasis supplied).
Id. at 70.
Based on this language, we hold that the instruction in this case was proper.[2] But because we think the issue is one of great public importance, Art. V, § 4, Fla. Const., Florida Rule of Appellate Procedure 9.030(a)(2)(v), we certify the following to the Florida Supreme Court for resolution:
IN A CRIMINAL CASE IN WHICH A DEFENDANT IS CHARGED WITH ATTEMPTED BURGLARY, AND THERE IS PROOF AT TRIAL OF DEFENDANT’S UNLAWFUL ENTRY INTO THE STRUCTURE OR RESIDENCE INVOLVED, IS IT PROPER FOR THE TRIAL COURT TO RELY UPON THE STATUTORY PRESUMPTION SET FORTH IN SECTION 810.07 IN INSTRUCTING THE JURY ON PROOF OF INTENT TO COMMIT AN OFFENSE?
AFFIRMED.
ORFINGER, J., and BLOUNT, URIEL, Jr., Associate Judge, concur.

. At trial it was established that the defendant cut a door screen and thrust his hand through the opening in an effort to unlock the door.

. Cf. Frederick v. State, 451 So.2d 1066 (Fla. 5th DCA 1984).