ERVIN, Chief Judge.
Appellant, Toole, was charged with burglary of a structure “with the intent to commit the offense of theft therein” and with possession of a burglary tool. At trial, defense moved for judgment of acquittal at the close of the state’s evidence and renewed the motion at the close of all the evidence, asserting that there was no evidence of intent to commit theft. The motion was denied and a jury found Toole guilty as charged. Toole appeals the denial of his motion for judgment of acquittal.
On the date of the crime charged, the Tallahassee Moose Lodge building contained vending machines and appliances, having over $4,000 worth of inventory, liquor and food. Toole was not a member of the lodge and did not have permission to enter the building. At approximately 2:30 a.m. two lodge members saw a white male tinkering with the building’s south doors. He pried open the doors with a tool, went inside for about a minute, returned outside, picked up a ladder and used it to climb onto the building’s roof. When a sheriff’s deputy arrived at the scene, he told the man to *1269 halt, a shot was fired, and the man ran into a nearby wooded area. The deputy quickly captured him, returned him to the building and one of the above-mentioned eyewitnesses positively identified Toole as the white male who broke into the building. A police investigator found a screw driver in the woods where Toole was apprehended and it matched pry marks found on the lodge’s doors. Toole testified that he walked through the woods near the building as a shortcut to his house. When he heard shouts and a shot, he ran into the woods. He denied having anything to do with the burglary.
Under the rule iterated in State v. Waters, 436 So.2d 66 (Fla.1983), the state is required to charge only that Toole burglarized the building with the intent to commit an offense. Id. at 69. The pre- Waters information filed below charged that Toole did so with the intent to commit theft therein. Because the state has the burden of proving every essential element of the crime charged, Purifoy v. State, 359 So.2d 446, 449 (Fla.1978), we agree with Bennett v. State, 438 So.2d 1034 (Fla.2d DCA 1983), insofar as it interprets Waters as meaning that “if the state charges that a defendant did intend to commit a specific offense after the breaking and entering occurs, then the state must prove that the defendant did in fact intend to commit this offense.” Id. at 1035. Our disagreement with Bennett is the sufficiency of the proof necessary to sustain the charge.
Here, proof of Toole’s intent to commit theft was circumstantial. The Waters opinion discusses the sufficiency of such evidence and the standard for review of a denial of motion for judgment of acquittal as follows: “The element of intent, being a state of mind, often can only be proved by circumstantial evidence.” 436 So.2d at 71. The information in Waters, like the instant information, charged the defendant with burglary with the intent to commit theft. 436 So.2d at 68. The evidence at the Waters trial revealed that the occupant of the dwelling found the defendant trying to break into his locked room with a pair of pliers. The police later observed evidence of the attempted breaking. The room’s occupant testified that he had a television, a stereo phonograph and clothes in the room and that defendant did not have permission to enter the room or tamper with the lock. Id. at 68, 70-71. The supreme court observed that there are “numerous other cases in which the accused burglar did not succeed in actually stealing anything, but where the specific intent to steal was held to have been proved by the circumstances, including the presence of property or goods available to be stolen.” Id. at 72. Moreover, the question of defendant’s intent to commit theft is “a question of fact to be resolved based upon all the circumstances shown by the evidence.” Id. See also Rumph v. State, 248 So.2d 526, 529 (Fla. 1st DCA 1971), recognizing that when a person is charged with breaking and entering with intent to commit grand larceny, an essential element of the offense is his intent to commit grand larceny. The best evidence would be what he did in fact steal, but that intent can also be proved by other evidence or circumstances. Id. The supreme court held in Waters that the circumstantial evidence there presented was sufficient to enable the trier of fact to properly conclude that defendant had the intent to commit theft. 436 So.2d at 72-73.
Therefore, under Waters, proof of an alleged intent to commit theft can be circumstantial and evidence of the contents of the burglarized structure, along with other circumstances, is sufficient. Here the state offered eyewitnesses to show that Toole broke into the lodge building without permission and presented evidence of the presence of money and equipment inside the building. A reasonable jury was properly able to conclude that at the time Toole attempted to enter the building, he intended to commit the crime of theft therein.
Our holding conflicts with the Bennett decision’s analysis of the sufficiency of proof required to prove intent. The defendant in Bennett was caught inside a school and later admitted to breaking into the school but claimed that he wanted only *1270 to use the telephone. The state charged defendant with burglary, alleging an intent to commit theft. 438 So.2d at 1034. The appellate court reversed defendant’s conviction because the state failed to exclude the possibility that defendant intended to commit other offenses, including arson or vandalism, or that he in fact wanted to use the telephone. Id. at 1035-36. In our judgment, the Bennett analysis misinterprets Waters and imposes a burden on the state not required by Waters. Pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(A)(vi), we certify the instant decision to be in direct conflict with Bennett v. State, 438 So.2d 1034 (Fla. 2d DCA 1983).
AFFIRMED.
BOOTH and WENTWORTH, JJ„ concur.