464 So.2d 1195 (1985)
L.S., a Juvenile, Petitioner
v.
STATE of Florida, Respondent.
No. 65183.
Supreme Court of Florida.
February 28, 1985.
Sharon B. Jacobs of Chaykin, Karlan & Jacobs, Coral Gables, for petitioner.
Jim Smith, Atty. Gen. and G. Bart Billbrough, Asst. Atty. Gen., Miami, for respondent.
ADKINS, Justice.
Petitioner, a juvenile, seeks our review of the following question:
Whether the state may attempt to establish the element of intent in a burglary prosecution by use of the presumption of intent statute, section 810.07, Florida Statutes, where the charging document alleged that the defendant entered with the intent to commit a specified offense.
The Third District Court of Appeal answered in the affirmative and upheld petitioner's burglary conviction. L.S. v. State, 446 So.2d 1148 (Fla. 3d DCA 1984). That decision expressly and directly conflicts with the opinion in Bennett v. State, 438 So.2d 1034 (Fla. 2d DCA 1983). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We approve of the decision of the Third District Court of Appeal.
On June 15, 1983, the state filed a petition for delinquency charging petitioner, in part, with burglary in violation of section 810.02, Florida Statutes (1983). The burglary count was charged as follows:
This child ... did unlawfully enter or remain in a certain structure ... with the intent to commit an offense therein, to wit: THEFT in violation of 810.02, Florida Statutes.
At trial, the state successfully relied on the presumption of intent statute, section 810.07, Florida Statutes (1983), to prove the essential element of intent necessary to obtain petitioner's conviction for burglary. Section 810.07 provides:
In a trial on the charge of burglary, proof of the entering of such structure or conveyance at any time stealthily and without consent of the owner or occupant thereof shall be prima facie evidence of entering with intent to commit an offense.
On appeal, the Third District affirmed. Petitioner argued there, as here, that by charging an intention to commit a specified offense, the state could not hereafter rely on the presumption of intent statute for proof of intent to commit "an offense"; rather, the state must prove that the defendant did intend to commit the specified *1196 offense and must do so without the benefit of section 810.07. See Bennett v. State, 438 So.2d at 1035. In rejecting that argument, the Third District said that where the offense is so specified,
[W]e find that its inclusion in the charging document is surplusage and need not be proven. If the state were precluded from using the presumption by virtue of charging the intent to commit a specific offense, there would be no incentive for the state to ever enumerate the particular offense. We hold, therefore, that when the state charges that the defendant did intend to commit a specific offense after the breaking and entering, it may avail itself of section 810.07.
446 So.2d at 1149-50.
We agree. Our decision in State v. Waters, 436 So.2d 66 (Fla. 1983), clearly states that an indictment or information charging burglary need not specify the offense which the defendant is alleged to have committed, although it must allege an intention to commit an offense. Thus, the exact nature of the offense alleged is, as indicated by the lower court, surplusage so long as the essential element of intent to commit an offense is alleged.
We are not persuaded to follow the reasoning of the Second District in Bennett v. State. Therefore, that decision is disapproved insofar as it is inconsistent with the views expressed herein.
The decision of the third district is approved.
It is so ordered.
BOYD, C.J., and OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.