472 So.2d 464 (1985)
Bruce Allen GRAHAM, Petitioner,
v.
STATE of Florida, Respondent.
No. 65777.
Supreme Court of Florida.
June 27, 1985.
James B. Gibson, Public Defender and Christopher S. Quarles, Asst. Public Defender, Seventh Judicial Circuit, Daytona Beach, for petitioner.
Jim Smith, Atty. Gen. and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for respondent.
*465 ADKINS, Justice.
This cause comes before us on certification from the District Court of Appeal, Fifth District, as a matter of great public importance. Graham v. State, 453 So.2d 528 (Fla. 5th DCA 1984). We have jurisdiction under article V, section 3(b)(4), Florida Constitution.
Petitioner Graham was charged by the state with, inter alia, attempted burglary in violation of sections 777.04(1) and 810.02(1), Florida Statutes (1983). Over objection, the trial judge instructed the jury based on the burglary presumption of intent statute, section 810.07, which provides:
In a trial on the charge of burglary, proof of the entering of such structure or conveyance at any time stealthily and without consent of the owner or occupant thereof shall be prima facie evidence of entering with intent to commit an offense.
Petitioner was convicted of the attempted burglary and sentenced to five years in prison.
In affirming petitioner's conviction, the district court held that the jury instruction was proper but certified the following question as a matter of great public importance:
In a criminal case in which a defendant is charged with attempted burglary, and there is proof at trial of defendant's unlawful entry into the structure or residence involved, is it proper for the trial court to rely upon the statutory presumption set forth in section 810.07 in instructing the jury on proof of intent to commit an offense?
453 So.2d at 529.
In order to answer the certified question, we must clarify our decision in State v. Waters, 436 So.2d 66 (Fla. 1983). Waters was charged with attempted burglary. One of the certified questions concerned the establishment of a prima facie case of burglary under the presumption of intent statute, section 810.07. As a part of our answer to the certified question, we stated:
In this case, however, section 810.07 is inapplicable on its face because here the charge was attempted burglary rather than burglary and because here there was no proof of entering, but only of an attempt to break and enter. It is elementary that penal statutes are to be strictly construed. We therefore decline to expand the scope of section 810.07 beyond the clearly expressed legislative intent.
436 So.2d at 70 (emphasis added).
The state urges us to focus on the quoted language immediately following the italics and hold that section 810.07 may be relied on in a prosecution for attempted burglary where there is proof of entry. This we decline to do. As we stated in Waters, section 810.07 is inapplicable on its face in a prosecution for attempted burglary because by its express terms it pertains only "[i]n a trial on the charge of burglary."
When the language of a penal statute is clear, plain and without ambiguity, effect must be given to it accordingly. Fine v. Moran, 74 Fla. 417, 77 So. 533, 536 (1917). Where the language used in a statute has a definite and precise meaning, the courts are without power to restrict or extend that meaning. Id.
In summarizing our conclusions in Waters, we said:
Indictments and informations charging the crime of burglary or attempted burglary must allege that the accused committed the unlawful act with the intent to commit an offense but need not always specify the offense. Proof of the elements set out in section 810.07 is sufficient to establish prima facie evidence of such intent in a trial on a charge of burglary.
436 So.2d at 73. Our inclusion of the charge of attempted burglary in the first quoted sentence above, but not in the second, points out the distinction we make here. Where an accused is charged with either burglary or attempted burglary, the charging document must allege the intent to commit an offense, though it need not specify that offense. In a prosecution for burglary, the state may rely on section *466 810.07 as prima facie evidence of intent to commit an offense, whether or not the offense is specified. L.S. v. State, 464 So.2d 1195 (Fla. 1985); Frederick v. State, 472 So.2d 463 (Fla. 1985). Where, however, the prosecution is for attempted burglary, the state is precluded from reliance on section 810.07 by the express terms of the statute, even where there is some evidence of unlawful entry.
The certified question is answered in the negative. The decision of the district court is quashed and the cause remanded with instructions to further remand same to the trial court for a new trial.
It is so ordered.
BOYD, C.J., and OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.