472 So.2d 1174 (1985)
Samuel TOOLE, Petitioner,
v.
STATE of Florida, Respondent.
No. 66018.
Supreme Court of Florida.
July 11, 1985.
*1175 Michael E. Allen, Public Defender and P. Douglas Brinkmeyer, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for petitioner.
Jim Smith, Atty. Gen. and Thomas H. Bateman, III, Asst. Atty. Gen., Tallahassee, for respondent.
ADKINS, Justice.
This cause is before us on certification by the District Court of Appeal, First District, that its decision reported as Toole v. State, 456 So.2d 1268 (Fla. 1st DCA 1984), is in direct conflict with Bennett v. State, 438 So.2d 1034 (Fla. 2d DCA 1983). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We approve the result of the district court's opinion for the reasons set forth below.
Petitioner, Samuel Toole, was charged with burglary of a structure with the intent to commit theft therein, in violation of section 810.02, Florida Statutes (1983), and with possession of a burglary tool in violation of section 810.06. Petitioner was alleged to have made several nonconsensual entries into the Tallahassee Moose Lodge early in the morning of December 4, 1982, but was interrupted by the arrival of sheriff's deputies at the scene. Evidence at trial showed that at the time of the incident, the Moose Lodge contained vending machines, appliances and over $4,000 worth of inventory, liquor and food. The jury found petitioner guilty of both charges.
The district court affirmed petitioner's conviction, finding that circumstantial evidence was sufficient to prove that he intended to commit the crime of theft within the Moose Lodge. The district court certified its decision to be in conflict with Bennett v. State, in that "the Bennett analysis misinterprets [State v. Waters, 436 So.2d 66 (Fla. 1983)] and imposes a burden on the state not required by Waters." 456 So.2d at 1270. We accept jurisdiction to resolve this matter and to clarify what we perceive as a potentially confusing state of the law regarding the allegation and proof of the crime of burglary.
As a preliminary matter, we disapprove the district court's agreement with Bennett, which interpreted our opinion in Waters as meaning that "if the state charges a defendant did intend to commit a specific offense after the breaking and entering occurs, then the state must prove that the defendant did in fact intend to commit this offense." 456 So.2d at 1269 (quoting Bennett, 438 So.2d at 1035). We recently held in L.S. v. State, 464 So.2d 1195 (Fla. 1985) that the exact nature of the offense alleged is surplusage so long as the essential element of intent to commit an offense is alleged and subsequently proven. Id. at 1196. In L.S., we said that the state may rely on section 810.07, Florida Statutes (1983), the burglary presumption of intent statute, whether or not the state had charged a defendant with the intent to commit a specified crime within the structure. We reiterate that beyond allegation and proof of unauthorized entry or remaining in a structure or conveyance, the essential element to be alleged and proven on a charge of burglary is the intent to commit an offense, not the intent to commit a specified offense, therein. See, § 810.02, Fla. Stat. (1983).
We recognize that the law regarding burglary has caused some confusion among lower courts and prosecution and defense counsel. See e.g. L.S. v. State; Bennett v. State; State v. Waters. We perceive that much of the uncertainty lies with changes which have occurred in the law from what we may call the "traditional" practice requiring pleading and proof of the intent to commit a specific offense within the structure or conveyance. The explanation of the Fourth District Court of *1176 Appeal provides a useful summary of this development:
[T]he Legislature, in redefining the crime of burglary, has minimized the importance of the specific crime which motivates the breaking and entering. For example, at common law, burglary required proof of intent to commit a felony. Perkins, Criminal Law, p. 149. As the Legislature began the process of redefinition, however, it differentiated between breaking and entering with intent to commit a felony and with intent to commit a misdemeanor. Cf. Sections 810.01 and 810.05, Florida Statutes (1973). The gradation of the crime, and thus the punishment, turned on the element of intent. Subsequently, in what can only be construed as a conscious decision to refocus on the safety of property and of the people therein, the Legislature abandoned these distinctions and said that proof of intent to commit any offense would suffice. Section 810.02, Florida Statutes (1979). As indicated earlier, section 810.07, Florida Statutes (1979), is fully consistent with this approach for it provides a method of establishing the essential element of intent to commit a crime within the structure without reference to a specific offense.
State v. Fields, 390 So.2d 128, 132 (Fla. 4th DCA 1980) (emphasis in original). It is clear, then, that in a charge of burglary the requirement of proving intent to commit a specified crime to the exclusion of all others, while once a proper element of the charge, is no longer necessary. Thus, decisions such as Simpson v. State, 81 Fla. 292, 298, 87 So. 920, 922 (1921), where this Court held that "in order to convict on circumstantial evidence, the facts must be such as to exclude every reasonable hypothesis except that of the guilt of the accused of the offense charged," are no longer controlling under the present burglary statute. Our discussion of Simpson in State v. Waters was obiter dictum and should not be read as requiring the state to disprove and exclude any reasonable hypothesis of intent to commit any other offense when it relies on circumstantial evidence to prove intent to commit a specified offense. The discussion in Waters showing the exclusion of such other offenses was intended, rather, to illustrate the sufficiency of circumstantial evidence proving the intent to commit theft in that case.
We agree with the district court that Bennett may be read as requiring the state to exclude the possibility that the defendant intended to commit other crimes in addition to excluding any reasonable hypothesis of innocence. We further agree that to the extent it may be so read, Bennett misinterprets Waters and other decisions of this Court by imposing upon the state the burden of proving a specific intent and additionally disproving all other possible criminal intent. We disapprove Bennett to the extent that it so holds.
Our decision here is supported by our opinions regarding the sufficiency of circumstantial evidence. In State v. Allen, 335 So.2d 823 (Fla. 1976), for example, we said that:
Circumstantial evidence, by its very nature, is not free from alternate interpretations. The state is not obligated to rebut conclusively every possible variation, however, or to explain every possible construction in a way which is consistent only with the allegations against the defendant. Were those requirements placed on the state for these purposes, circumstantial evidence would always be inadequate to establish a preliminary showing of the necessary elements of a crime.
Id. at 826. See also Lincoln v. State, 459 So.2d 1030 (Fla. 1984). The standard to be applied to support a conviction based on circumstantial evidence is that the evidence must be "inconsistent with any reasonable hypothesis of innocence." McArthur v. State, 351 So.2d 972, 976 n. 12 (Fla. 1977). This determination is for the jury and where there is substantial, competent evidence to support the jury verdict, that determination will not be disturbed by the courts. Heiney v. State, 447 So.2d 210, *1177 212 (Fla.), cert. denied, ___ U.S. ___, 105 S.Ct. 303, 83 L.Ed.2d 237 (1984).
We find the evidence in this case sufficient to support petitioner's conviction for burglary. There is substantial competent evidence of petitioner's repeated efforts to enter the Moose Lodge and of the valuable items available to be taken from within to support the jury's determination of guilt.
We disapprove the decision in Bennett v. State to the extent it is inconsistent with the views expressed in this opinion and we approve the decision of the district court.
It is so ordered.
BOYD, C.J., and OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.