831 So.2d 784 (2002)
Michael A. PERREAULT, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-3730.
District Court of Appeal of Florida, Fifth District.
December 6, 2002.
*785 James B. Gibson, Public Defender, and Dee Ball, Assistant Public Defender, Daytona Beach, for Appellant.
Richard E. Doran, Attorney General, Tallahassee, and David H. Foxman, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, C.J.
Michael Anthony Perreault appeals his convictions for two counts of burglary of a dwelling with an assault or battery with a firearm. Perreault also appeals his conviction for possession of a firearm by a convicted felon. We affirm.
Michael Lyda testified that on 23 May 2001, he woke up around 1:00 a.m. to the sound of someone knocking on the front door. When he opened the door, two men were standing at the door and asked where "the Korean" was. Lyda testified that one of the men was Perreault. Lyda testified that as he told the men that no Korean lived in his apartment, and attempted to shut the door, the two men forced their way through the door. Perreault, grabbing Lyda by the throat, demanded to know where the Korean was, because the Korean owed him money. Lyda testified that after he repeated that no Korean lived at his apartment, the two men forced him outside and told him to point to where the Korean lived.
Lyda pointed to the house next door to him where Oukeo Vongthirath, a man Lyda thought fit Perreault's description, resided. Lyda testified that at that point, he was wearing only his underwear. The two men allowed Lyda to go back into his apartment so he could put on some clothes. While Lyda was putting his clothes on, Perreault pointed a gun at him. Lyda testified that both men stated the Korean owed them thousands of dollars. According to Lyda, Perreault was angry and appeared to be drunk. Lyda testified that *786 the men took him back outside, and as they were walking toward Vongthirath's house, Perreault ran and broke down Vongthirath's door. Lyda testified that when the suspects ran into Vongthirath's house, he ran to a neighbor's house and told her to call 911.
Oukeo Vongthirath testified that he was sleeping in his house with his wife and children when he heard a sound. He found Perreault in the living room, and Oukeo asked him what he was doing. Vongthirath testified that Perreault told him he was looking for "Kam," and Vongthirath told Perreault that he did not know Kam, and that he had broken into the wrong house. Vongthirath told Perreault that he was going to call the police. When Vongthirath turned to get the phone, he heard a gun cock and a bullet fall to the floor. Vongthirath testified that Perreault said, "Go ahead. You want to die?" Vongthirath testified that the other male was standing at the door and Perreault walked around the house. Finally, the two men left and drove away in a white truck. Vongthirath identified Perreault as the person who came into his house and pulled a gun on him.
Officer Domenick Leonard testified that after receiving a BOLO for a white Ford truck, he spotted the truck and called for backup. Officer Leonard testified that other officers arrived at the scene, and that he and Sergeant Johnson approached the vehicle and observed Perreault in the passenger seat. Officer Mike Lavoie testified that he patted down Perreault and found a marijuana pipe and a scale. Officer Matthew Kleinmann testified that he searched the truck and found a Smith & Wesson semi-automatic handgun under the passenger seat of the vehicle.
The jury found Perreault guilty of two counts of burglary of a dwelling with assault or battery with a firearm (Counts I and III), kidnaping with a weapon (Count II), possession of paraphernalia (Count IV), and possession of a firearm by a convicted felon (Count V). The trial court sentenced Perreault to 12 years each for Counts I thru III, with a 10-year mandatory minimum, and time served on Count IV. Perreault stipulated to severing Count V, possession of a firearm by a convicted felon. Perreault subsequently entered a plea of nolo contendere to Count V, and was sentenced to three years.
Perreault contends that the trial court erred in denying his motion for judgment of acquittal because the state failed to establish that he entered the dwellings of Lyda and Vongthirath with the fully formed intent to commit an assault or battery.
To prove burglary, one must prove the intent to commit an underlying offense. See § 810.02(1)(a), Fla. Stat. (2000); see also Rozier v. State, 402 So.2d 539 (Fla. 5th DCA 1981); see also Barton v. State, 797 So.2d 1276(Fla. 4th DCA 2001). Although it is not necessary to instruct the jury on the specific offense which the defendant intended to commit within the structure, it is necessary for the jury to find that the defendant entered the premises to commit an offense therein. See Puskac v. State, 735 So.2d 522 (Fla. 4th DCA 1999). Also, Ellis v. State, 425 So.2d 201 (Fla. 5th DCA 1983) provides:
The burglary statute (§ 810.02, Fla. Stat.(1981)) defines burglary as entering or remaining in a structure with the intent to commit any offense therein. This requires specific intent which the State must allege and prove. However, because the State rarely has direct proof as to the accused's exact objectives, motives and intentions, the State's proof is almost always circumstantial on this point. That circumstantial evidence is often sufficient to convince a jury beyond *787 a reasonable doubt that the accused intended to commit some offense, but is not sufficient to convince them that he intended to commit a particular alleged offense, such as theft rather than rape, etc.
Id. at 202; see also Croft v. State, 528 So.2d 1279, 1281-1282 (Fla. 1st DCA 1988); see also State v. Silva, 823 So.2d 199 (Fla. 3d DCA 2002).
In the instant case, there was testimony that Perreault forced himself into Lyda's apartment, grabbed Lyda by the throat, forced Lyda outside to point where "the Korean" supposedly lived, and pulled out a gun when Lyda went back into his apartment to dress. Also, there was testimony that Perreault broke down Vongthirath's door, and later cocked a gun in front of Vongthirath and stated, "Go ahead. You want to die?" There was testimony that throughout the incident, Perreault was angry, and repeatedly stated that "Kam" owed him several thousand dollars. The jury could conclude from this evidence that Perreault had a fully formed intention to commit offenses in the residences of Lyda and Vongthirath.
Perreault contends that the trial court erred in accepting his plea and imposing sentence for Count V because his convictions for his other four counts were already appealed. Because Perreault stipulated to sever Count V from the other four counts, we conclude that the trial court did not err in accepting his plea and imposing sentence for Count V.
AFFIRMED.
GRIFFIN and SAWAYA, JJ., concur.