965 So.2d 357 (2007)
Lou JOSEPH, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-991.
District Court of Appeal of Florida, Fourth District.
September 26, 2007.
David S. Molansky, Miami, for appellant.
No appearance required for appellee.
PER CURIAM.
Lou Joseph (Defendant) appeals an order summarily denying his rule 3.850 motion for postconviction relief, and the order denying his motion for rehearing. We affirm, but write to address his first two grounds for relief.
Defendant was charged with (I) burglary of a dwelling while armed; and (II) shooting into a dwelling house. Following a jury trial, he was found guilty of the lesser-included offense of burglary of a dwelling as to count I and acquitted of count II.
Defendant alleged in his postconviction motion that his trial counsel was ineffective for failing to (1) file a motion, after the jury acquitted him of count II, to challenge his conviction of count I, such as a motion in arrest of judgment, based on the contention that the state had failed to prove the intent element necessary to convict him of burglary of a dwelling; and (2) object to a jury instruction which omitted to charge the jury that the underlying felony that formed the intent element was discharging a firearm into a dwelling.
Defendant's first two grounds are based on his contention that count I of the charging information alleged that shooting into the dwelling-the offense charged in count II-was the specific offense which he had the intention of committing when he entered. On the contrary, while the information in count I alleged that he discharged a firearm while committing the burglary, it did not charge that he entered with the intention of committing that specific *358 offense.[1]
There is no requirement that the state allege and prove that entry was made with the intent to commit a specific offense; however, even when it does so allege, so long as it also charges and proves "the essential element of intent to commit an offense," the specific allegation is considered surplusage. See Toole v. State, 472 So.2d 1174, 1175 (Fla.1985). Thus, the fact that Defendant's jury acquitted him of count II, committing the shooting offense, did not mean the state failed to prove the intent element of count I, so long as it proved he entered with the intention of committing some offense. See Duncan v. State, 606 So.2d 1227 (Fla. 4th DCA 1992) (affirming conviction for attempted burglary of dwelling; prosecution need not specify in the charging document the specific offense intended by the perpetrator, and "proof of the entering of such structure or conveyance at any time stealthily and without consent of the owner or occupant thereof shall be prima facie evidence of entering with intent to commit an offense") (quoting § 810.07(1), Fla. Stat.),[2]rev. denied, 618 So.2d 1367 (Fla.1993).
Nor must the judge instruct the jury on the underlying offense which the defendant intended to commit, Giangrasso v. State, 793 So.2d 71, 73 (Fla. 4th DCA 2001), though the standard jury instruction is phrased to provide for doing so. "In many instances, the state does not know the exact offense intended by the defendant. In that case, absent section 810.07, the state could not take the case to a jury in the face of the Standard Jury Instruction." Duncan, 606 So.2d at 1229.
Affirmed.
WARNER, POLEN and HAZOURI, JJ., concur.
NOTES
[1] It charged that he:

did unlawfully, enter or remain in a dwelling, or the curtilage thereof, . . . property of Charmaine Dawkins, with intent to commit an offense therein, and in the course thereof they were armed within such dwelling with a dangerous weapon, to-wit: a handgun/firearm, and in fact, Lou Joseph [Defendant] did discharge said firearm during the course of committing said Burglary and as a result of said discharge, great bodily harm was inflicted upon Luc Patrick ALEXANDRE, contrary to F.S. 810.02(1), F.S. 810.02(2) and F.S. 775.087(2)[.]
(Emphasis added).
[2] As for Defendant's contention that his alleged entry was anything but stealthy, we point out that gaining entry by deceit also supports a burglary conviction. Schrack v. State, 793 So.2d 1102 (Fla. 4th DCA 2001).