PER CURIAM.
 

 Affirmed. See Joseph v. State,
 
 965 So.2d 357, 358 (Fla. 4th DCA 2007) (stating that “[t]here is no requirement that the state allege and prove that entry was made with the intent to commit a specific offense[.] ... [E]ven when it does so allege, so long as it also charges and proves ‘the essential element of intent to commit an offense,’ the specific allegation is considered surplusage.” (citation omitted));
 
 Young v. State,
 
 13 So.3d 537 (Fla. 3d DCA) (holding that “there
 
 is
 
 a crime of burglary with intent to commit the underlying offense of resisting without violence, which occurs ... when a person fleeing from a lawful attempted arrest enters a structure without permission in order to evade capture” (emphasis in original)),
 
 review denied,
 
 22 So.3d 539 (2009).
 

 GROSS, C.J., POLEN and STEVENSON, JJ., concur.