BASKIN, Judge.
M.F., a juvenile, appeals an adjudication of delinquency predicated upon a finding of guilt as to the charge of grand theft. We affirm the adjudication of delinquency after reducing the finding to trespass to a conveyance.
A police officer discovered M.F. in an automobile parked in a closed towing company lot. M.F. was seated in the driver’s seat with his head tilted back and his eyes closed, listening to the car radio. The officer observed that the hood of the car was warm and the rear window and the steering column were broken. The automobile had been reported missing two days earlier. M.F. explained to the officer that he was merely sleeping in the car and that he listened to music when he slept. The state charged M.F. with delinquency predicated on grand theft, burglary, and criminal mischief. After considering the evidence, the *725 court dismissed the burglary and criminal mischief counts, but found M.F. guilty of grand theft and adjudicated him delinquent. M.F. filed this appeal.
M.F. argues that the trial court erred in finding him delinquent for committing grand theft. M.F. is correct in asserting that the record does not contain sufficient evidence of guilt under section 812.-014, Florida Statutes (Supp.1987); the state failed to refute M.F.’s explanation for his presence in the vehicle, and thus, a reasonable hypothesis of innocence remained as to grand theft. M.F. v. State, 549 So.2d 225 (Fla. 3d DCA 1989); E.L.S. v. State, 547 So.2d 298 (Fla. 3d DCA 1989).
However, the evidence establishes that M.F. committed the lesser included offense of trespass to a conveyance in violation of section 810.08, Florida Statutes (1987). G.C. v. State, 560 So.2d 1186 (Fla. 3d DCA 1990); see B.D. v. State, 412 So.2d 70 (Fla. 1st DCA, 1982); J.B. v. State, 405 So.2d 247 (Fla. 3d DCA 1981). Accordingly, the finding of delinquency is affirmed as modified. See B.D. v. State.[1]
Affirmed.

. We need not question the propriety of reducing a charge to an offense which is not necessarily a lesser included offense of the crime charged as the basis for a finding of delinquency. Section 39.01(9), Florida Statutes (Supp. 1988), defines a "[c]hild who has committed a delinquent act" as "a child who ... is found by a court to have committed a felony, a misdemean- or, contempt of court, or a violation of a local penal ordinance." M.F. is a juvenile. G.C. v. State, 560 So.2d 1186 (Fla. 3d DCA 1990); see also State v. C.C., 476 So.2d 144 (Fla.1985) (juvenile proceedings are different in nature from criminal proceedings).