WOLF, Judge.
A.B.G. appeals from an order adjudicating him delinquent for the offense of petit theft. Appellant argues that the trial court erred in denying his motion for judgment of acquittal. We find that there was sufficient evidence to support appellant’s adjudication as an aider and abettor. The trial court’s decision is affirmed.
The only witness at the adjudicatory hearing was a security officer at an Albert-son’s store in Jacksonville, Florida. He testified that on October 25, 1990, he saw four boys, including the appellant, enter the store. The group proceeded directly to the condom section.
Three of the boys, including the appellant, stood elbow-to-elbow directly in front of the condoms. The other two boys began removing boxes of condoms from the display. One of the boys broke open a box of two condoms, removed them from the box, and placed them in the inside pocket of his jacket. The boy who stood immediately next to appellant put two boxes into the right front pocket of his jacket. Appellant (at least four or five times) looked down at the condoms, then to the front of the store and to the rear of the store. Appellant’s actions were continuous, occurring both before and after the other boys stuffed the condoms into their pockets. Appellant and the other boys also conversed during the theft. The fourth boy stood behind the other three and also looked to the front and back of the store.
The boys walked together to the front of the store and past the cash register without paying for the merchandise. As they attempted to exit the store, they were confronted by the manager. Appellant turned *447 away from the store manager and walked back into the lobby.
Where,as here, the state relies on circumstantial evidence to prove the accused’s guilt, it is necessary to exclude every reasonable hypothesis of innocence. B.W. v. State, 546 So.2d 29 (Fla. 1st DCA 1989). In determining whether a case is sufficient to be submitted to the trier of fact,
[i]t is the trial judge’s proper task to review the evidence to determine the presence or absence of competent evidence from which the jury could infer guilt to the exclusion of all other inferences. That view of the evidence must be taken in the light most favorable to the state. Spinkellink v. State, 313 So.2d 666, 670 (Fla.1975), cert. denied, 428 U.S. 911, 96 S.Ct. 3227, 49 L.Ed.2d 1221 (1976). The state is not required to rebut conclusively every possible variation of events which could be inferred from the evidence, but only to introduce evidence which is inconsistent with the defendant’s theory of events. See Toole v. State, 472 So.2d 1174, 1176 (Fla.1985). Once that threshold burden is met, it becomes the jury’s duty to determine whether the evidence is sufficient to exclude every reasonable hypothesis of innocence beyond a reasonable doubt.
State v. Law, 559 So.2d 187, 189 (Fla.1989).
To convict appellant as an aider and abettor, the state has to show that he (1) assisted the actual perpetrators by doing or saying something that caused, encouraged, assisted, or incited the perpetrators to actually commit the crime, and (2) intended to participate in the crime. C.P.P. v. State, 479 So.2d 858, 879 (Fla. 1st DCA 1985); B.W. v. State, supra.
The elements of assistance of the perpetrator and intent may be proven by a combination of surrounding circumstances from which a jury can reasonably infer defendant’s guilt. Staten v. State, 519 So.2d 622, 623 (Fla.1988); Brewer v. State, 413 So.2d 1217 (Fla. 5th DCA 1982).
Mere presence at the scene, knowledge of the crime, and flight are insufficient to justify a conviction. C.P.P. v. State, 479 So.2d 858 (Fla. 1st DCA 1985). Where the state presents additional evidence, however, which contradicts the defendant’s theory of innocence, the trial court’s decision to deny a motion of acquittal must be affirmed. Saffor v. State, 558 So.2d 69 (Fla. 1st DCA 1990), rev. denied, 570 So.2d 1306 (Fla.1990).
In the instant case, the fact finder could reasonably infer from the evidence presented that appellant’s hypothesis of innocence, that he didn’t know the other boys were going to take the condoms and that he was just nervously looking around, was not reasonable. The boys entered the store together and proceeded directly to the condom display. Appellant stood elbow-to-elbow with a boy who was stuffing condom packages into his front jacket pocket. He was observed talking with the other boys during the commission of the crime. The appellant demonstrated a deliberate pattern of conduct, both before and after the other boys had concealed the condoms. These factors, taken in the light most favorable to the state, are inconsistent with appellant’s purported lack of knowledge and mere nervous presence at the crime scene. A fact finder could reasonably infer that, as a result of appellant’s consistent actions both before and after the actual taking of the property, the only reasonable hypothesis from the evidence presented was that appellant intended to be, and was, an active participant in the theft as a lookout.
Affirmed.
BOOTH, J., concurs.
KAHN, J., dissenting with written opinion.