PER CURIAM.
Jimmy Wright appeals from a judgment of conviction and sentence for grand theft *1070 of a motor vehicle. For the following reasons, we reverse.
On June 24, 1991, Officer Neil and his partner were dispatched to a BOLO call in the northwest area of Miami. Officer Neil observed the Defendant inside a gray Nissan Sentra. The car fit the description given in the BOLO call he had received. The front door was open, and the Defendant was bending over inside the car. The Defendant then exited the car and entered a convenience store. The officers ran the car tag through the computer which indicated that the car had been reported stolen. When the Defendant came out of the store, the officers detained him to look inside the car. Officer Neil arrested the Defendant after he noticed that the car had a broken steering column. At trial, the car owner testified that she saw the person who stole her car, and it was not the Defendant. The jury found the Defendant guilty of grand theft of a motor vehicle.
The record contains insufficient evidence that the Defendant possessed the specific criminal intent required by section 812.014, Florida Statutes (1991). See State v. G. C., 572 So.2d 1380 (Fla.1991) (juvenile, who accepted a ride in a car he knew was stolen, did not have the required intent to be convicted of grand theft); M.F. v. State, 562 So.2d 724 (Fla. 3d DCA 1990) (evidence that juvenile was found sitting with his eyes closed in the driver’s seat of a car which had a' broken window and a broken steering column was insufficient to show guilt of grand theft). Accordingly, we reverse.
Reversed.