620 So.2d 1114 (1993)
K.H., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 92-2152.
District Court of Appeal of Florida, Fifth District.
July 2, 1993.
James B. Gibson, Public Defender, and Lyle Hitchens, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Nancy Ryan, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
The evidence in this case is insufficient to establish the crime of burglary of a dwelling,[1] because there was no proof of K.H.'s intent to commit an offense within the dwelling. However, the evidence adduced was sufficient to prove an unlawful trespass[2] which in this case was a lesser necessarily included offense. Thus, we affirm K.H.'s adjudication of delinquency and commitment on this basis. See State v. G.C., 572 So.2d 1380 (Fla. 1991) (merely being a passenger in a stolen automobile did not support a charge of burglary of the automobile but did establish trespass to a conveyance; adjudication of delinquency can be affirmed on the basis of trespass); M.F. v. State, 562 So.2d 724 (Fla. 3d DCA 1990) (evidence that juvenile was sitting in an automobile with its rear window broken did not establish the offense of theft but was sufficient to establish trespass to a conveyance; adjudication of delinquency based on a finding of guilt as to the charge of theft was affirmed after reducing the finding to trespass); B.D. v. State, 412 So.2d 70 (Fla. 1st DCA 1982) (although evidence was insufficient to prove the crime of burglary because there was no evidence upon which to base a finding of intent to commit the offense of theft, the evidence was sufficient to establish the offense of trespass of an occupied structure; the defendant's adjudication for delinquency was affirmed and the order of commitment was amended to reflect the finding that the juvenile had committed the offense of trespass).
AFFIRM as modified.
W. SHARP, GRIFFIN and THOMPSON, JJ., concur.
NOTES
[1] § 810.02, Fla. Stat. (1992).
[2] § 810.08, Fla. Stat. (1992).