673 So.2d 47 (1995)
K.O., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 94-1380.
District Court of Appeal of Florida, Fourth District.
November 15, 1995.
Rehearing Denied May 30, 1996.
Richard L. Jorandby, Public Defender, and Steven H. Malone, Assistant Public Defender, West Palm Beach, for appellant.
*48 Robert A. Butterworth, Attorney General, Tallahassee, and William A. Spillias, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, Judge.
K.O., a child, appeals from an order adjudicating him delinquent for the offense of burglary of a conveyance in violation of section 810.02, Florida Statutes. We affirm the lower court's denial of appellant's motion for judgment of acquittal finding that there was sufficient evidence to support his conviction on the charge of burglary of a conveyance.
The incident in this case took place at a business known as the Auto Toy Store, an exotic car dealership, at about 1:30 p.m. The state's witness was an auto detailer employed by the dealership who testified that he observed three young men walking across the street looking at the cars on the lot. He also testified that he saw one of the young men, later identified as K.O., throw a rock and break a window of one of the cars. The witness stated that he did not actually see the rock that was thrown break the window, but he heard glass breaking. The witness pursued the young man and his two associates and stopped them, at which time K.O. was very cooperative and did in fact return with the witness to the auto dealership. Upon his return to the dealership, K.O. denied breaking the car window and taking a telephone from the car, but rather, told the witness that one of the other boys had taken the telephone and hid it in the bushes as they exited the premises. The witness expressed surprise as he was not aware that a telephone had been taken.
At the close of the state's case, the appellant moved for judgment of acquittal of burglary of a conveyance. The state informed the court that it was proceeding under an aiding and abetting theory. The court denied appellant's motion and ultimately found him guilty as charged.
A review of the record demonstrates that there was evidence sufficient to sustain the conviction for burglary under an aiding and abetting theory. Under this theory, appellant could be convicted of burglary if the evidence presented by the state at trial was sufficient to show that he (1) assisted the actual perpetrators by doing or saying something that caused, encouraged, assisted, or incited the perpetrators to actually commit the crime, and (2) intended to participate in the crime. A.B.G. v. State, 586 So.2d 445, 447 (Fla. 1st DCA 1991), cause dismissed, 605 So.2d 1261 (Fla.1992). The elements of assistance of the perpetrator and intent may be proven by a combination of surrounding circumstances from which a trier of fact can reasonably infer defendant's guilt. Id.; Staten v. State, 519 So.2d 622 (Fla.1988).
The guilt of an aider or abettor can be established by circumstantial evidence, but such evidence must be both consistent with guilt and inconsistent with any reasonable hypothesis of innocence; evidence which establishes nothing more than a suspicion, or even probability, of guilt is not sufficient. Davis v. State, 436 So.2d 196, 198-99 (Fla. 4th DCA 1983), petition for review denied, 444 So.2d 418 (Fla.1984). As stated by the supreme court in State v. Law, 559 So.2d 187, 189 (Fla.1989), in determining whether a case is sufficient to be submitted to the trier of fact on a motion for judgment of acquittal:
[i]t is the trial judge's proper task to review the evidence to determine the presence or absence of competent evidence from which the jury could infer guilt to the exclusion of all other inferences. That view of the evidence must be taken in the light most favorable to the state. Spinkellink v. State, 313 So.2d 666, 670 (Fla.1975), cert. denied, 428 U.S. 911, 96 S.Ct. 3227, 49 L.Ed.2d 1221 (1976). The state is not required to "rebut conclusively every possible variation" of events which could be inferred from the evidence, but only to introduce competent evidence which is inconsistent with the defendant's theory of events. See Toole v. State, 472 So.2d 1174, 1176 (Fla.1985). Once that threshold burden is met, it becomes the [factfinder's] duty to determine whether the evidence is sufficient to exclude every reasonable hypothesis of innocence beyond a reasonable doubt.
In the instant case, there was sufficient evidence presented by the state to meet *49 the requirements set forth in A.B.G. to establish a prima facie case, and to contradict appellant's hypothesis of innocence, that is, that there was no evidence of either entry into the car or that a telephone was in the car before the window was broken. Construed in a light most favorable to the state, the evidence shows that K.O. not only assisted in, but intended to participate in the commission of a crime. K.O. was seen with other boys looking at cars at the dealership and he was seen throwing a rock at one of the cars, although the witness did not actually see the rock that was thrown break the car window. While he fled the scene with his other companions, upon capture, he denied taking the telephone, but admitted that one of the other boys took the telephone from the car and hid it in the bushes.
While mere presence at the scene, knowledge of the crime, and flight are insufficient to justify a conviction, where the state presents additional evidence which contradicts the defendant's theory of innocence, the trial court's decision to deny a motion of acquittal must be affirmed. A.B.G., 586 So.2d at 445; In the Interest of A.R., 460 So.2d 1024, 1025 (Fla. 4th DCA 1984). From this combination of factors, including the fact that appellant was seen throwing a rock at one of the cars at the dealership and his admission that a telephone was taken, the trier of fact could reasonably infer the defendant's participation in the crime of burglary of a conveyance. Thus, the elements necessary to establish his guilt as an aider and abettor are satisfied. See T.J.T. v. State, 460 So.2d 508 (Fla. 3d DCA 1984); A.B.G. Accordingly, the trial court properly denied the motion for judgment of acquittal.
AFFIRMED.
GUNTHER, C.J. and PARIENTE, J., concur.