SHAHOOD, Judge.
The state filed a petition for adjudication of delinquency against appellant, T.S., a child, charged with burglary of a conveyance and auto theft. At the conclusion of the adjudicatory hearing, the trial court withheld adjudication on both charges and gave the child a “stern judicial warning.” We affirm the trial court’s ruling on the charge of burglary of a conveyance, but reverse on the charge of auto theft with instructions to dismiss the charge against appellant.
The principal witness for the state, Shirley Jahraus (Jahraus), a neighbor of the victim, testified that in the middle of the night, while looking out of her condominium window, she saw a jeep turn in and park next to a nearby house. Jahraus saw two boys get out of the jeep and walk into the parking lot of her condominium development. She saw one of the boys get into a red car while the other boy, appellant, just stood near the car. She further testified that she never saw appellant get into the car. Jahraus then called 911 to report that she thought that a car was being broken into. While Jahraus was on the phone with the police dispatcher, she continued to watch the boys. She reported that the boys were walking in a “zigzagging” manner under the carports. She then reported that the boys were getting into their jeep and getting ready to leave. She continued to watch as the police arrived and stopped the jeep. Jahraus went to the parking lot, met with the police, identified the boys, and pointed out to the police the car that had been broken into.
The owner of the red car testified that her passenger window had been forced down and that her radar detector, registration, and owner’s manual had been removed from the car. Officer David Shipley also testified for the state and stated that appellant told him that he did, in fact, “stand by” the victim’s vehicle looking around, while his companion “actually entered the car and took the radar detector from between the seats.”
Appellant testified that he did not know what his companion was going to do so he *198 (appellant) merely walked away from the car, and as he returned to the jeep to leave, his companion pulled the radar detector from underneath his sweater just as the police arrived. Appellant further testified that he never knew that his friend was going to burglarize the vehicle.
Upon conclusion of the state’s evidence, defense counsel moved for judgment of acquittal alleging that the state failed to demonstrate that T.S. intended to participate in the crime. The trial court denied the motion.
Examination of this record reveals that there is sufficient evidence to uphold a conviction for burglary of a conveyance under a theory of aider and abettor. In order to convict one as an aider and abetter the state must present evidence sufficient to show that the defendant:
(1) assisted the actual perpetrators by doing or saying something that caused, encouraged, assisted, or incited the perpetrators to actually commit the crime, and (2) intended to participate in the crime. A.B.G. v. State, 586 So.2d 445, 447 (Fla. 1st DCA 1991), cause dismissed, 605 So.2d 1261 (Fla.1992). The elements of assistance of the perpetrator and intent may be proved by a combination of sunvunding circumstances from which a trier of fact can reasonably infer defendant’s guilt. Id.; Staten v. State, 519 So.2d 622 (Fla. 1988).
K.O. v. State, 673 So.2d 47 (Fla. 4th DCA 1995) (rehearing pending) (emphasis added); see also T.J.T. v. State, 460 So.2d 508 (Fla. 3d DCA 1984).
This court in K.O. further explained that:
[t]he guilt of an aider or abettor can be established by circumstantial evidence, but such evidence must be both consistent with guilt and inconsistent with any reasonable hypothesis of innocence; evidence which establishes nothing more than a suspicion, or even probability, of guilt is not sufficient. Davis v. State, 436 So.2d 196, 198— 99 (Fla. 4th DCA 1983), petition for review denied, 444 So.2d 418 (Fla.1984). As stated by the supreme court in State v. Law, 559 So.2d 187, 189 (Fla.1989), in determining whether a case is sufficient to be submitted to the trier of fact on a motion for judgment of acquittal:
[i]t is the trial judge’s proper task to review the evidence to determine the presence or absence of competent evidence from which the jury could infer guilt to the exclusion of all other inferences. That view of the evidence must be taken in the light most favorable to the state. Spinkellink v. State, 313 So.2d 666, 670 (Fla.1975), cert. denied, 428 U.S. 911, 96 S.Ct. 3227, 49 L.Ed.2d 1221 (1976). The state is not required to “rebut conclusively every possible variation” of events which could be inferred from the evidence, but only to introduce competent evidence which is inconsistent with the defendant’s theory of events. See Toole v. State, 472 So.2d 1174, 1176 (Fla.1985). Once that threshold burden is met, it becomes the [factfinder’s] duty to determine whether the evidence is sufficient to exclude every reasonable hypothesis of innocence beyond a reasonable doubt.
K.O., 673 So.2d at 48.
While it is well settled that mere presence at the scene, knowledge of the crime and flight are insufficient to justify a conviction, it is also clear that elements of assistance of the perpetrator and intent may be proved by a combination of surrounding circumstances. A.B.G. v. State, 586 So.2d 445, 447 (Fla. 1st DCA 1991); see also T.J.T., 460 So .2d at 509.
While appellant relies upon In Interest of A.R., 460 So.2d 1024 (Fla. 4th DCA 1984), the instant case is factually dissimilar to A.R. In A.R., police officers observed A.R. on two occasions standing on the sidewalk watching traffic while his companion entered a car lot, peeked into car windows and tried car doors. A.R.’s companion saw a tire iron beyond a fence, jumped over the fence and took it. This court reversed the lower court’s decision that A.R. was delinquent of burglary of a structure by finding his mere presence on the sidewalk and knowledge of his companion’s intent to commit the crime to be insufficient.
In the instant case, appellant demonstrated a deliberate pattern of conduct. He and *199 his companion were seen entering the condominium development parking lot at 2:00 o’clock in the morning and walking under the carports in a “zigzagging” manner. Appellant was also observed standing near a red car while his companion entered the car. In addition, Officer Shipley testified that appellant admitted that he was standing near the vehicle “looking around,” while his companion entered the car and took the radar detector.
Similarly, in A.B.G., 586 So.2d 445 (Fla. 1st DCA 1991), the first district affirmed the trial court’s order finding the defendant delinquent for petit theft based on the theory of aiding and abetting. The defendant stood next to two other boys in front a condom display at a supermarket while they stole condoms from the display. At least four or five times, appellant looked down at the condoms, then to the front of the store and to the rear of the store. These actions were considered to be continuous and a deliberate pattern of conduct, both before and after the other boys concealed the condoms.
In the instant case, we conclude that appellant went beyond merely being present at the crime scene with knowledge of the crime to be committed. Unlike A.R., where A.R. was merely seen on the sidewalk away from the scene of the crime, the appellant in this case stood near the car while the crime was being committed. Construed in a light most favorable to the state, it can reasonably be inferred that appellant was not only a “lookout” for his companion, but actively participated in looking for a car to break into by combing the parking lot. From this combination of factors, we find that the trier of fact could infer appellant’s participation in the crime, and thus hold that the elements necessary to establish appellant’s guilt as an aider and abettor have been met.
As to the charge of auto theft, there is no evidence that appellant ever actually entered the car. Therefore, based on the record, we hold that there was insufficient evidence that appellant possessed the specific criminal intent required by section 812.014, Florida Statutes (1993), to sustain a conviction for auto theft. See Wright v. State, 616 So.2d 1069 (Fla. 3d DCA 1993); M.F. v. State, 562 So.2d 724 (Fla. 3d DCA 1990). We therefore reverse the charge of auto theft with instructions that the trial court dismiss the charge against appellant.
Affirmed in part; Reversed in part with instructions to discharge.
DELL and KLEIN, JJ., concur.