711 So.2d 202 (1998)
I.Y.D., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 96-02962.
District Court of Appeal of Florida, Second District.
May 15, 1998.
James Marion Moorman, Public Defender, Bartow, and Richard P. Albertine, Jr., Assistant Public Defender, Clearwater, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Tracy L. Martinell, Assistant Attorney General, Tampa, for Appellee.
PATTERSON, Judge.
I.Y.D. appeals from the trial court's adjudications of guilt, the order placing him on community control, and the order finding that he violated a previous order of community control. Because there was insufficient evidence to support the findings of guilt, we reverse.
At the adjudicatory hearing on March 28, 1996, Marilyn Stagnitta testified that she kept her three-wheel bicycle in her neighbor's carport chained to some bars on a window. On January 20, 1996, Ms. Stagnitta noticed three boys in the alley near her *203 home. Later, she observed two of the boys coming out of the carport where she kept her bicycle. One of the boys had on a beige jacket. She went out to check on her bike and noticed an indentation on one of the window bars which was not there when she chained her bike. Ms. Stagnitta called the police to report that someone had been tampering with her bike. She then waited with a neighbor for the police. In the meantime, the neighbor located the three boys nearby and engaged them in conversation. When the police arrived, the boys ran. The officers gave chase and arrested the appellant, I.Y.D., who was wearing a beige jacket, some blocks away.
On February 1, 1996, the State filed a petition charging I.Y.D. with committing two delinquent acts on January 20, 1996: felony petit theft, in violation of section 812.014, Florida Statutes (1995), and resisting arrest without violence, in violation of section 843.02, Florida Statutes (1995). As a result of the charges, the State filed another petition alleging violation of an existing postcommitment community control order of July 6, 1995. The trial court denied the defense's motion for judgment of acquittal and found I.Y.D. guilty as charged in the two petitions. At the disposition hearing on April 25, 1996, the court adjudicated I.Y.D. delinquent and entered an order of community control. The court also reinstated the postcommitment community control to run concurrent with the new term of community control.
Because the record is devoid of evidence that I.Y.D. was involved in any criminal activity, the trial court erred in denying the defense's motion for judgment of acquittal. A prima facie case of circumstantial evidence must lead to a reasonable and moral certainty that the accused and no one else committed the offense charged. See Brown v. State, 672 So.2d 648 (Fla. 4th DCA 1996). "Circumstantial evidence is insufficient when it requires pyramiding of assumptions or inferences in order to arrive at the conclusion of guilt." 672 So.2d at 650. Here, the State's case was created entirely by the impermissible stacking of inferences. The record reflects that Ms. Stagnitta did not see any of the boys actually touch her bicycle or the window bars. She did not see any of the boys carrying a tool that could have been used to put the indentation on the window bar. The police did not find a cutting tool on or near I.Y.D. at the time of his apprehension. The only evidence of tampering was the testimony that there were indentations on the window bar. As the defense argued, the evidence showed at best that Ms. Stagnitta's bicycle may have been tampered with at some time. One can only infer that, because I.Y.D. was near Ms. Stagnitta's bicycle on January 20, 1996, he made the indentations on the window bar in an attempt to steal the bicycle.
Even if a crime had been committed, there was no evidence that I.Y.D. was the perpetrator. Mere presence at the scene of a crime, knowledge of the crime, and flight are insufficient to justify a conviction. See Andrews v. State, 693 So.2d 1138 (Fla. 1st DCA 1997); A.B.G. v. State, 586 So.2d 445, 447 (Fla. 1st DCA 1991). Therefore, we reverse the adjudication of guilt for felony petit theft.
As to the resisting arrest charge, the officers did not have a founded suspicion that a crime had been committed to support a legal investigatory stop; nor did they have probable cause to make a warrantless arrest. See State v. Evans, 692 So.2d 216, 218 (Fla. 4th DCA 1997). Resisting arrest without violence requires that the officer be in the lawful execution of his duties at the time of the alleged resisting. See § 843.02, Fla. Stat. (1995); S.G.K. v. State, 657 So.2d 1246 (Fla. 1st DCA 1995). Because the officers did not have a well-founded suspicion of criminal activity, we also reverse adjudication of guilt for resisting arrest.
Accordingly, we reverse the adjudications of guilt and the order imposing community control. We also reverse the order which finds a violation of the postcommitment community control order of July 6, 1995.
Reversed.
QUINCE and WHATLEY, JJ., concur.