LAWRENCE, J.
J.V., a juvenile, seeks review of an order adjudicating him delinquent for the offense of possession of cannabis. The record shows that J.V. and another individual, Clifford Riker (Riker), were passengers in a car that was involved in an automobile accident. Riker testified that before the accident he and J.V. and another young man went to a friend’s house where Riker obtained two ounces of cannabis. Riker later handed the cannabis to J.V. and let him look at it while Riker went into a convenience store to buy cigarettes. When Riker returned, J.V. handed the cannabis back to Riker who put it into his shirt pocket. As the three men subsequently drove down the road they were hit by another vehicle. Riker was rendered unconscious by the crash, but testified that either before or after he passed out he “vaguely remember[ed]” J.V. telling him to “hide the weed.” Riker followed J.V.’s instruction, taking the cannabis out of his shirt pocket and putting it into his pants. Riker testified that once he arrived at the hospital he willingly gave the cannabis to the authorities.
The trial court found that the State could not prove that J.V. had possession of the cannabis by merely looking at it then handing it back to Riker, but could prove that J.V. was a principal based on the evidence that J.V. told Riker to hide the cannabis. The trial court stated that its decision was based on “the fact that when the actual person in possession of the marijuana in the car was rendered unconscious *1111 in the accident, or dazed, and started to come to, that [J.V.] aided and abetted him by telling him, the police are coming, you need to take that marijuana, which became visible, and hide it so they don’t see it.”
In order to convict an offender as an aider and abettor (principal in the first degree), the state must prove that he (1) assisted the actual perpetrators by doing or saying something that caused, encouraged, assisted, or incited the perpetrators to actually commit the crime, and (2) intended to participate in the crime. A.B.G. v. State, 586 So.2d 445 (Fla. 1st DCA 1991).
We agree with the trial court that J.V. assisted Riker in possession of the cannabis by alerting him to the oncoming authorities and by telling him to hide the cannabis. Following J.V.’s directive, Riker hid the cannabis in his pants until he confessed to the authorities. Because J.V. helped Riker maintain possession of the cannabis, he is guilty of possession as a principal in the first degree.
J.V., in advising Riker to hide the cannabis, was attempting to help Riker perpetuate the crime of possession of cannabis, an “on-going” crime. See People v. Llanos, 151 A.D.2d 128, 546 N.Y.S.2d 584, 587 (1989)(holding, in dicta, that “the illegal possession of contraband is no less an ongoing crime than is the criminal possession of a weapon.”); Davis v. State, 560 So.2d 1231 (Fla. 5th DCA 1990)(holding, in dicta, that possession of drugs is a continuing crime). In U.S. v. Hodges, 1999 WL 156059 (D.Kan. January 4, 1999), the court held that the evidence was sufficient to sustain the defendant’s conviction, as an aider and abettor, of possession of crack cocaine. In Hodges the defendant purchased crack cocaine, showed his co-defendant the crack cocaine, then, when the police stopped them, instructed the co-defendant to put the drugs in her pants. The co-defendant pled guilty to possession with intent to distribute. The Hodges court held that this evidence was sufficient for the jury to find that the defendant was guilty of possession as an aider and abettor. See also U.S. v. Savinovich, 845 F.2d 834, 838 (9th Cir.1988)(holding that to sustain a conviction for aiding and abetting, “it is enough that the defendant associate with the criminal venture, participate in it, and seek by actions to make it succeed.”). Similarly, J.V., in the instant case, by telling Riker to put the cannabis in his pants, was seeking by his words to make Riker’s crime succeed.
Accordingly, we AFFIRM the order adjudicating J.V. delinquent for the offense of possession of cannabis.
ERVIN and PADOVANO, JJ., CONCUR.