SHAHOOD, J.
We affirm the disposition order adjudicating appellant guilty of petit theft, but remand for re-sentencing.
The trial court did not err in denying appellant’s motion for judgment of acquittal. The elements of petit theft are: knowingly obtaining or using, or endeavoring to obtain or use, the property of another with intent to either temporarily or permanently “(a) Deprive the other person of a right to the property or a benefit from the property [or] (b) Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property.” § 812.014(1), Fla. Stat. (1999).
To prove the crime of aiding and abetting, the state must show that the defendant “(1) assisted the actual perpetrators by doing or saying something that caused, encouraged, assisted, or incited the perpetrators to actually commit the crime, and (2) intended to participate in the crime.” See A.B.G. v. State, 586 So.2d 445, 447 (Fla. 1st DCA 1991); see also T.S. v. State, 675 So.2d 196 (Fla. 4th DCA 1996).
The facts in this case are similar to those in A.B.G. There, as here, only one witness testified on behalf of the state. A.B.G., 586 So.2d at 446. In A.B.G., a security officer at the store testified that he saw four boys, including appellant, go to the condom section. Id. Three of the boys, including appellant, stood elbow-to-elbow in front of the condoms. Id. Two of the boys placed condoms in their jacket pockets while appellant and another boy looked continuously from the condoms to the front and back of the store. Id. Appellant also conversed with the other boys during the theft. Id. Afterwards, the boys walked together out of the store. Id.
The appellate court affirmed the order adjudicating A.B.G. delinquent for the offense of petit theft stating the following:
In the instant case, the fact finder could reasonably infer from the evidence presented that appellant’s hypothesis of innocence, that he didn’t know the other boys were going to take the condoms and that he was just nervously looking around, was not reasonable.... [By his actions, t]he appellant demonstrated a deliberate pattern of conduct, both before and after the other boys had concealed the condoms.... A fact finder could reasonably infer that, as a result of appellant’s consistent actions both before and after the actual taking of the property, the only reasonable hypothesis from the evidence presented was that appellant intended to be, and was, an active participant in the theft as a lookout.
Id. at 447.
Similarly, in T.S., appellant and his companion were seen entering a condominium development parking lot at 2:00 o’clock in the morning and walking under the carports in a “zigzagging”- manner. T.S., 675 So.2d at 198-99. He was also observed standing near a red car while his companion entered the car and, in fact, admitted to the police that he was standing near the vehicle “looking around,” while his companion entered the car and took a radar detector. Id. This court held that appellant’s actions went beyond merely being present at the crime scene. Id. at 199. The evidence showed that appellant was not only a lookout, but actively participated in combing the parking lot looking for a car to break into. Id. As a result, appellant’s conviction for burglary of a conveyance was upheld. Id.
*761 In this case, although the manager of the store from which the merchandise was taken testified that he could not say that appellant took anything and put it in his pocket, the manager did testify that appellant was among a group of four boys who were seen rummaging through the store’s school supply section. According to the manager, he noticed the boys, as a group, picking things up, walking down the aisle, and stuffing items into their pockets. All four of the boys left together. As in A.B.G. and T.S., it could be reasonably concluded from the evidence in this case that A.M. intended to participate in the crime and assisted the perpetrators in committing it. Denial of his motion for judgment of acquittal was, therefore, appropriate.
Although we affirm A.M.’s adjudication of guilt, we remand for re-sentencing. The state concedes, and we agree, that: (1) it was error for the court to pronounce a general sentence in all three of appellant’s cases, see D.A.D. v. State, 697 So.2d 234 (Fla. 5th DCA 1997) (a single order of disposition may not be used where multiple convictions constitute the basis for an adjudication of delinquency); (2) it was error for the court not to orally pronounce all of the terms of appellant’s sentence, see T.A.R. v. State, 640 So.2d 222 (Fla. 5th DCA 1994); and (3) it was error for the court not to impose an exact term of commitment, see M.S. v. State, 675 So.2d 215 n. 1 (Fla. 4th DCA 1996) (re-sentencing required to specify commitment for one year, which was maximum allowable sentence, instead of commitment for “indeterminate period of time,” not longer than 19th birthday or maximum sentence allowable by law).
AFFIRMED; REMANDED FOR RE-SENTENCING.
WARNER, C.J., and GROSS, J., concur.