918 So.2d 379 (2005)
Carlethea DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-2812.
District Court of Appeal of Florida, Fourth District.
December 28, 2005.
Rehearing Denied January 31, 2006.
*380 Carey Haughwout, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.
MAY, J.
The defendant appeals her conviction and sentence for burglary and grand theft. She argues the trial court erred in denying her motion for judgment of acquittal. We agree in part and reverse the conviction for grand theft; we affirm the burglary conviction.
A witness saw the defendant drive a vehicle up to the front door of the victim's trailer. While the defendant remained in the car, another person exited the vehicle and ran toward the trailer. The witness called the police and then went to the rear of the victim's trailer where she saw the same individual exit the trailer and get back into the defendant's car.
Law enforcement drove to the defendant's home. While there, one of the co-defendants emerged claiming to have had permission to take a computer and perfume bottle from the victim's trailer. The co-defendant then retrieved the items from the defendant's home. Another co-defendant emerged from the home and advised the officer that she had been a passenger in the defendant's vehicle, but had not gone inside the trailer.
The State charged defendant and co-defendants with burglary, but charged only one of the co-defendants with grand theft. At trial, the State argued the defendant was guilty of both charges as an aider and abettor. The defendant moved for a judgment of acquittal and argued the State had failed to prove the defendant knew of *381 the criminal nature of the co-defendants' actions. The court denied the motion.
The court then instructed the jury that the defendant was charged with burglary and grand theft. Neither party objected. The jury found the defendant guilty of both burglary and grand theft. The court sentenced the defendant to concurrent terms of 40 months, followed by 48 months of probation on the burglary count.
A trial court's ruling on a motion for judgment of acquittal is subject to de novo review. See Pagan v. State, 830 So.2d 792, 803 (Fla.2002).
On appeal, the defendant argues the trial court erred when it denied her motion for judgment of acquittal because the State failed to prove the defendant had knowledge of any criminal intent because she believed her friends had permission to remove the items from the victim's trailer. She further argues the conviction for grand theft cannot stand as she was never charged with that crime. We find the evidence sufficient to withstand a motion for judgment of acquittal on the burglary charge, but agree with the defendant that her conviction for grand theft must be reversed.
There is no doubt that a burglary occurred and that the defendant drove the co-defendants to and from the victim's trailer. The witness identified the defendant as the driver and the co-defendant admitted taking the items from the victim's trailer. It was for the jury to determine the credibility of the defendant's claim that the co-defendants had permission to take the items from the victim's trailer. See T.S. v. State, 675 So.2d 196 (Fla. 4th DCA 1996). "While it is well settled that mere presence at the scene, knowledge of the crime and flight are insufficient to justify a conviction, it is also clear that elements of assistance of the perpetrator and intent may be proved by a combination of surrounding circumstances." Id. at 198 (citations omitted).
Here, the State established the following: (1) the burglary occurred after midnight; (2) the defendant knew the computer taken was subject to seizure by federal authorities in another investigation; (3) the defendant agreed to drive her co-defendants to the victim's trailer and wait for them; (4) the defendant backed the car up to the front door with the trunk propped open; (5) the defendant sped away once the co-defendants ran back into the car; and (6) the defendant initially lied to law enforcement about what had happened. This evidence was sufficient to withstand a motion for judgment of acquittal.
Next, the defendant argues that her conviction for grand theft constitutes fundamental error. The State suggests the defendant's failure to object to the deficient Information prevents her from now raising the issue. Alternatively, the State argues the omission is harmless error. We agree with the defendant.
The State charged the defendant with burglary only. She was not named as a defendant in the grand theft count. Simply put, the defendant cannot be convicted and sentenced for an uncharged crime. See Braggs v. State, 789 So.2d 1151, 1154 (Fla. 3d DCA 2001) (citations omitted).
We affirm the defendant's conviction for burglary, but reverse her conviction and sentence for grand theft.
Affirmed in part, Reversed in part.
KLEIN, J., and HOROWITZ, ALFRED, Associate Judge, concur.