ON MOTION FOR REHEARING

WARNER, J.
We grant appellant’s motion for rehearing, vacate our prior opinion, and substitute the following in its place.
A juvenile appeals her adjudication for petit theft. She claims that the court erred in allowing a store security officer to testify as to another officer’s statement that the appellant had committed a theft of store merchandise. We agree with the appellant that this was inadmissible hearsay. Further, because this was the only evidence of theft, the appellant’s confession was likewise inadmissible because the state failed to prove the corpus delicti of the crime. For these reasons, we reverse.
*815 Appellant, J.B., was charged with petit theft of “fashion jewelry” from JCPenney, in violation of section 812.014(l)(a) and (3)(a), Florida Statutes (2011). At the trial on the charge, the state notified the court that neither the store manager nor the store security officer, who allegedly witnessed the theft, was available to testify, as they no longer worked for the store. The state then called the arresting officer, who testified that he had been called to the store to investigate a shoplifting incident involving a girl taking a bracelet. He arrested J.B. based on an affidavit from the unavailable store security officer. The arresting officer had not personally witnessed the theft.
A current security officer at JCPenney testified, over a hearsay objection, that the absent security officer told him that J.B. had put a bracelet on her wrist and left the store. The testifying officer went with his co-worker to approach J.B., who was standing just outside the store. They took her to a back office and called their manager. There, they filled out a form for J.B. to sign which was an “acknowledgment of guilt.”
When the state moved to introduce the form, J.B. objected on the grounds of corpus delicti She argued that there was no evidence, other than hearsay, of the crime of theft, because neither the arresting officer nor the testifying store security officer had seen the theft. The court denied the motion. On cross-examination, the store security officer admitted that the acknowledgment of guilt form was not signed by J.B. but only by his co-worker, the absent store security officer. Furthermore, he could not recall exactly what occurred in the filling out of the acknowledgment form.
After presentation of the evidence, the defense moved for a judgment of dismissal, which was denied. The court found J.B. guilty, withheld adjudication, and issued a stern judicial warning. J.B. appeals.
Although “[t]he standard of review for admissibility of evidence is abuse of discretion[,] ... a trial court’s discretion is limited by the rules of evidence” and “[wjhether or not [a] statement is hearsay is a legal question subject to de novo review.” Padgett v. State, 73 So.3d 902, 904 (Fla. 4th DCA 2011) (quoting Nardone v. State, 798 So.2d 870, 874 (Fla. 4th DCA 2001), and K.V. v. State, 832 So.2d 264, 265-66 (Fla. 4th DCA 2002)).
The store officer’s recitation of his co-worker’s statement that J.B. took the store bracelet is classic hearsay. It is “a statement, other than one made by the declarant while testifying at the. trial ... offered in evidence to prove the truth of the matter asserted.” § 90.801(l)(c), Fla. Stat. (2011). This hearsay statement was the only evidence of the theft, other than the alleged acknowledgment of guilt form, which was not signed by J.B. Thus, its admission was not harmless.
On appeal, however, the state seeks to justify the hearsay statement’s admission as necessary to establish a logical sequence of events in the investigation of the theft. We reject this rationale, as we did of similarly prejudicial testimony in Saintilus v. State, 869 So.2d 1280 (Fla. 4th DCA 2004). There, we held that the trial court erred in allowing two detectives to testify that: (1) in interviewing witnesses, a detective learned the nickname of a suspect; and (2) someone from the police told a detective that the defendant had that nickname. Id. at 1281-82. We admonished the state for the use of rank hearsay:
In spite of substantial authority condemning this attempt to adduce prejudicial hearsay, the state often persists in offering this kind of hearsay to explain the “state of mind” of the officer who heard the hearsay, or to explain a logical sequence of events during the investigation leading up to an arrest. This *816 type of testimony occurs with the persistence of venial sin. The state’s insistence on attempting to adduce this particular brand of hearsay requires trial judges to be constantly on their guard against it.
... The only purpose of this testimony was to admit these hearsay statements to link defendant to the crimes, even though such hearsay is clearly inadmissible.
Id. at 1282 (emphasis added); see also State v. Baird, 572 So.2d 904, 908 (Fla.1990) (finding evidence introduced to show logical sequence of events should not have been admitted and noting “the inherently prejudicial effect of an out-of-court statement that the defendant engaged in the criminal activity for which he is being tried”); K.V., 832 So.2d at 266 (finding erroneous admission of hearsay statement was not harmless error where “the statement is clearly incriminating and was presented by the only witness identifying [the defendant] as the perpetrator”). Just as in Saintilus, the only purpose of the evidence was to link J.B. to the crime. It was not necessary to prove a logical sequence of events. It was hearsay and inadmissible.
Without the hearsay statement of the absent security officer, the state also failed to prove the corpus delicti of the petit theft prior to introducing J.B.’s alleged confession through the acknowledgment of guilt form. The trial court’s admission of a confession over a corpus delicti objection is reviewed for an abuse of discretion. Bribiesca-Tafolla v. State, 93 So.3d 364, 366-67 (Fla. 4th DCA 2012).
The state must present evidence of the corpus delicti of a crime, namely the legal elements necessary to show a crime was committed, before the defendant’s confession to that crime may be admitted. State v. Allen, 335 So.2d 823, 825 (Fla. 1976) (“A person’s confession to a crime is not sufficient evidence of a criminal act where no independent direct or circumstantial evidence exists to substantiate the occurrence of a crime.”).
This court addressed the doctrine of corpus delicti in Snell v. State, 939 So.2d 1175 (Fla. 4th DCA 2006):
“Ordinarily, proof of the corpus delicti of the crime charged is required before a confession or admission against interest may be received in evidence.” Garmon v. State, 772 So.2d 43, 46 (Fla. 4th DCA 2000). Specifically, the state has to prove:
(1) that a crime of the type charged was committed; and (2) that the crime was committed through the criminal agency of another. In regard to the first part — that a crime was committed — each element of the relevant offense must be shown to exist. With respect to the second part — the criminal agency of another — the proof need not show the specific identity of the person who committed the crime. That is, it is not necessary to prove that the crime was committed by the defendant.
Franqui v. State, 699 So.2d 1312, 1317 (Fla.1997) (citations omitted). The primary function of this requirement is to protect the defendant “from being convicted of a nonexistent crime due to ‘derangement, mistake or official fabrication.’ ” Baxter v. State, 586 So.2d 1196, 1198 (Fla. 2d DCA 1991) (quoting State v. Allen, 335 So.2d 823, 825 (Fla.1976)).
Id. at 1178-79. “The state’s burden in establishing the corpus delicti for an admission is far below its burden for a conviction” and “[c]ircumstantial evidence may be offered to satisfy” it. Id. at 1179; see also Allen, 335 So.2d at 825 (reaffirming “that circumstantial evidence may be *817 presented prior to admission of a defendant’s confession in order to establish the occurrence of the necessary elements of the alleged crime”).
.J.B. was charged with petit theft under sections 812.014(l)(a) and (3)(a), Florida Statutes (2011). The elements of petit theft are “[1] knowingly obtaining or using, or endeavoring to obtain or use, [2] the property of another [3] with intent to either temporarily or permanently ... [d]eprive the other person of a right to the property or a benefit from the property....” A.M. v. State, 755 So.2d 759, 760 (Fla. 4th DCA 2000) (interpreting 1999 version of statute with identical petit theft provisions). In this case, the state argues there was circumstantial evidence of a theft because J.B. was seen outside the JCPenney entrance while wearing a bracelet currently being sold in the store. Yet this is insufficient to prove, even circumstantially, that a theft had occurred, because this evidence is equally consistent with a theory that J.B. had previously purchased the bracelet from JCPenney (or received it as a gift), making it her property. See id. at 760 (element of theft is taking the property of another); see also R.L.B. v. State, 703 So.2d 1245, 1246 (Fla. 5th DCA 1998) (finding corpus delicti for burglary where there was proof the defendant did not have permission to use the stolen golf cart). It does not tend to prove that J.B., or anyone else, had taken the bracelet with the required intent. See C.W. v. State, 778 So.2d 358, 360 (Fla. 2d DCA 2001) (state must offer evidence that a theft had occurred before introducing a defendant’s confession). Neither the store security officer who allegedly observed J.B. take the property, nor the store’s manager, who could have documented with store records that the bracelet had not been paid for, testified at trial. Because there was no direct or circumstantial evidence, besides inadmissible hearsay, to prove the corpus delicti of theft, the trial court erred in admitting J.B.’s written confession.
Without the hearsay evidence or J.B.’s confession, the state failed to prove its case. We therefore reverse and remand for the trial court to dismiss the petit theft charge.
CONNER and FORST, JJ., concur.