PER CURIAM.
C.B. appeals an order withholding adjudication of delinquency and placing him on probation for the offense of petit theft. He argues that the trial court erred in denying his motion for judgment of dismissal based upon insufficient evidence. We agree and reverse.
This was a circumstantial evidence case involving the theft of an iPod. The only evidence linking C.B. to the offense was one witness’s testimony that while she was in the classroom where the iPod went missing, she observed, “out of the corner of [her] eye,” C.B. pass an object to the person ultimately found to possess the stolen iPod. However, the witness admitted that she could not identify the object. Even viewed in the light most favorable to the State, this evidence is insufficient to sustain a conviction. The trial court should have granted the dismissal motion. See generally J.B. v. State, — So.3d -, 2014 WL 837006, 39 Fla. L. Weekly D487, D488 (Fla. 4th DCA Mar. 5, 2014) (holding that fact that juvenile was seen outside store with bracelet then on sale within store did not constitute circumstantial evidence of theft); Haugabrook v. State, 827 So.2d 1065, 1069 (Fla. 2d DCA 2002) (reversing petit theft conviction, after finding, inter alia, there was no evidence tying missing clothes to defendant).
We reverse the trial court’s order withholding adjudication of guilt and placing C.B. on probation. See A.P.R. v. State, 894 So.2d 282, 286 (Fla. 5th DCA 2005).
REVERSED.
ORFINGER, WALLIS and LAMBERT, JJ., concur.